UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV16-02165 JAK (Ex) | Date | September 9, 2016 |
|---|---|---|---|
| Title | Farzin Michael Feizbakhsh, et al. v. Travelers Commercial Insurance Company, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Connie Lee for Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLANTIFF'S MOTION TO REMAND (DKT. 14) AND DEFENDANT AARON STONE'S MOTION TO DISMISS (DKT. 23)**

**I.     Introduction**

Farzin Michael Feizbakhsh and Rebecca Feizbakhsh ("Plaintiffs") brought this action in the Los Angeles County Superior Court against Travelers Commercial Insurance Company ("Travelers") and Brad Chandler ("Chandler") (collectively "Defendants"). Dkt. 1-1 at 1. Plaintiffs then amended the complaint, substituting Aaron Stone ("Stone") for Chandler as a defendant. Dkt. 1-1 at 3.[1] Plaintiffs advance claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Travelers, and negligent misrepresentation against Stone. Dkt. 10 at 2-8. Travelers removed the action on March 30, 2016. Notice of Removal, Dkt. 1. Plaintiff then filed a Second Amended Complaint ("SAC"), although it is titled "Amended First Amended Complaint." Dkt. 10.

Plaintiff brought a motion to remand on May 11, 2016. Dkt. 14. Travelers opposed the motion (Dkt. 16), and Plaintiff replied. Dkt. 20. Stone later brought a motion to dismiss the third cause of action. Dkt. 23. Plaintiff opposed that motion (Dkt. 26), and Stone replied. Dkt. 27.

A hearing on both motions was held on August 29, 2016, and the matters were taken under submission. Dkt. 29. For the reasons stated in this Order, the motion to remand is **DENIED.** Plaintiffs' claim against Stone is dismissed.

---

[1] Pursuant to Fed. R. Evid. 201, Travelers seeks judicial notice of the Complaint and the First Amended Complaint filed in Los Angeles County Superior Court. Dkt. 17. Courts may take judicial notice of facts that are "not subject to reasonable dispute" where they are "generally known within the trial court's territorial jurisdiction" or "can accurately and readily [be] determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). In light of these standards, the request for judicial notice is **GRANTED**. Fed. R. Evid. 201(c)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV16-02165 JAK (Ex) | | Date | September 9, 2016 |
|---|---|---|---|---|
| Title | Farzin Michael Feizbakhsh, et al. v. Travelers Commercial Insurance Company, et al. | | | |

## II.    Factual Background and Claims Advanced

Both Plaintiffs reside in California and are domiciled here. SAC ¶¶ 1-2. Consequently, both are California citizens. The SAC alleges that, on January 27, 2015, a water intrusion into Plaintiffs' home caused substantial damage to the dwelling and real property. *Id.* ¶ 6. The residence was insured under a homeowner's policy ("Policy") issued by Travelers. The Policy provided coverage for loss and damage to real and personal property. It was in effect from December 31, 2014 to December 31, 2015. *Id.* ¶ 8; SAC, Ex. A, Dkt. 10-1 at 2. Plaintiffs notified Travelers of their claimed loss. On January 28, 2015, Travelers assigned a number to their claim ("Claim"), and designated Bradford Chandler as the adjuster.[2] SAC ¶ 9; Chandler Decl., Dkt. 16-1 ¶ 4. Plaintiffs retained an attorney and a person experienced in the cost of repairs ("Estimator") to assist them in pursuing the Claim. SAC ¶ 10. The Estimator inspected the property, evaluated the loss and calculated the expected cost of needed repairs. That estimate was provided to Travelers in connection with the Claim. *Id.*

Plaintiffs also retained counsel to assist them in pursuing the Claim. That counsel notified Travelers of the retention on January 29, 2015. Chandler Decl., Dkt. 16-1 ¶ 6. On February 10, 2015, a Travelers' agent inspected Plaintiffs' property, and on February 11, 2015, Travelers paid $13,126.57 to Plaintiffs in response to the Claim. *Id.* ¶ 8-9; Chandler Decl., Ex. 4, Dkt. 16-5. On June 23, 2015, Plaintiffs' counsel notified Travelers that Plaintiffs were demanding the payment of $168,454.64, based on the evaluation by the Estimator. Declaration of Aaron Stone ("Stone Decl."), Dkt. 16-6 ¶ 4. In response, Travelers engaged two contractors to inspect the property and prepare independent repair estimates. Each did so. *Id.* ¶ 5.

On July 10, 2015, Stone was assigned to replace Chandler as the adjuster for the Claim. SAC ¶ 27; Stone Decl., Dkt. 16-6 ¶ 6. Stone sent a letter to Plaintiffs' counsel advising him of this change. Stone Decl., Dkt. 16-6 ¶ 7. On July 21, 2015, Travelers made an additional payment of $30,749.12 to Plaintiffs, thereby increasing the total payment to $44,122.72. Stone Decl., Dkt. 16-6 ¶ 8. Stone advised Plaintiffs' counsel about this payment. *Id.* ¶¶ 6-7; Stone Decl., Ex. 10, Dkt. 16-12.

Plaintiffs contend that Travelers failed to conduct a thorough and fair investigation and evaluation of the Claim and as a result improperly denied it. *Id.* ¶ 11. The SAC alleges that Travelers breached its contract with Plaintiffs and caused damages, "including unpaid policy benefits, interest on contract amounts owed, legal fees and costs including attorney's fees together with other out-of-pocket expenses, and consequential damages in a sum that is expected to exceed $50,000." *Id.* ¶¶ 12-13.

The SAC alleges that Travelers breached the implied covenant of good faith and fair dealing by elevating its own interests above those of Plaintiffs. *Id.* ¶ 16. It also alleges that Travelers breached this covenant

---

[2] In connection with the present motions, Defendants have presented the declarations of Chandler and Stone. Dkts. 16-1 & 16-6. In ruling on a motion to remand, a court may consider the allegations in the Complaint, the facts presented in the Notice of Removal, and any affidavits or other evidence presented. *See W. Am. Corp. v. Vaughan-Bassett Furniture Co., Inc.*, 765 F.2d 932, 937 (9th Cir. 1985); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) ("Fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995))). Consequently, these declarations are considered in connection with the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV16-02165 JAK (Ex) | Date | September 9, 2016 |
|---|---|---|---|
| Title | Farzin Michael Feizbakhsh, et al. v. Travelers Commercial Insurance Company, et al. | | |

by: (i) failing to investigate the Claim properly; (ii) failing to evaluate the Claim objectively; (iii) using unduly restrictive and unreasonable interpretations of the Policy; (iv) using improper standards to adjust the Claim; (v) not acting in good faith to achieve a prompt, fair and equitable settlement of the Claim; (vi) failing to advise Plaintiffs of all benefits, coverages, time limits and other provisions that might apply to the Claim as required by Cal. Admin. Code Tit. 10 § 2695.4 subd. (a); (vii) compelling Plaintiffs to bring the present action and to incur legal costs to recover the amount due under the Policy; (viii) consciously disregarding Plaintiffs rights in denying benefits that Travelers knew to apply under the Policy; and (ix) issuing the Policy while intending not to honor its contractual obligations. *Id.* ¶ 17. The SAC alleges that these actions have caused damages to Plaintiffs, and have also required them to incur costs and attorney's fees. *Id.* ¶¶ 19-20.

The SAC alleges that Travelers' conduct was consistent with a longstanding pattern and practice in which Travelers "forced claimants to accept less benefits than they would otherwise be entitled to receive under the terms of their policies." *Id.* ¶ 21. It also alleges that with respect to this practice Travelers had internal programs designed to maximize its profits and to cause "extensive and unreasonable delays" to encourage policy holders to surrender their contractual rights and accept lower payments. *Id.* It also alleges that these practices included corporate programs designed to reward personnel of its claims department with pay raises and promotions for minimizing payments to claimants. This allegedly encouraged department personal "to engage in fraud, unfair conduct and abuse of legitimate claimants." *Id.* The SAC alleges that these practices were intentionally "directed, approved or ratified by individuals in management positions" and accordingly asks for punitive damages. *Id.* ¶¶ 23-24.

As to defendant Stone, the SAC alleges that he "made a false representation regarding Plaintiffs' policy and covered loss that harmed" Plaintiff. *Id.* ¶ 27. Stone allegedly "misrepresented to Plaintiffs that his [sic] covered loss was not covered under his [sic] policy and that the subject loss was caused by a long-term leak, without hiring a plumber to investigate these facts before his initial denial letter." *Id.* The SAC alleges that Stone knowingly or recklessly made this representation and intended to have Plaintiffs rely on it. *Id.* ¶¶ 28-29. It also alleges that Stone "took these actions individually on behalf of Travelers." *Id.* ¶ 30. The SAC alleges that Plaintiffs justifiably relied on Stone's misrepresentations, which resulted in damages to them. *Id.* ¶ 31.

### III.    Analysis

#### A.    Legal Standards

##### 1.    Motion to Remand

A motion to remand is the procedure used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a civil action may be removed only if it could have been filed initially in a federal court. 28 U.S.C. § 1441(a). The removing party has the burden of establishing that removal was proper. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000). The removal statute is to be strictly construed; any doubt about removal jurisdiction is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-02165 JAK (Ex) | Date | September 9, 2016 |
| Title | Farzin Michael Feizbakhsh, et al. v. Travelers Commercial Insurance Company, et al. | | |

Federal courts have subject matter jurisdiction where the adverse parties are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441. "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Fraudulent joinder "is a term of art." *Morris*, 236 F.3d at 1067. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal quotations omitted and alteration in original). The defendant "is entitled to present the facts showing the joinder to be fraudulent." *Id.*; *see also id.* at 1068 (citing *Cavallini*, 44 F.3d at 263 for the proposition that "[f]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony"). In a claim of fraudulent joinder, the defendant "must take and carry the burden of proof." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) ("If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions.").

A district court must determine whether there is subject matter jurisdiction before reaching the merits of an action. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998).

   2.  Motion to Dismiss

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may bring a motion to dismiss a cause of action that fails to state a claim. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV16-02165 JAK (Ex) | Date | September 9, 2016 |
|---|---|---|---|
| Title | Farzin Michael Feizbakhsh, et al. v. Travelers Commercial Insurance Company, et al. | | |

      **B.**      **Application: Motion to Remand**

It is undisputed that Plaintiffs are citizens of California, Travelers is a citizen of Connecticut and Stone is a citizen of California. However, Defendants contend that, because Stone was fraudulently joined as a defendant, his citizenship should not be considered in determining whether complete diversity exists. This is the core issue presented by the motion to remand. Thus, if Stone is a proper party, there is not the complete diversity required for jurisdiction pursuant to 28 U.S.C. § 1332.

In its opposition to the motion to remand, Travelers argues that Plaintiffs have not alleged that Stone owed them an independent duty of care for which he can have personal liability. It also contends that Plaintiffs have not alleged facts sufficient to state a claim for negligent misrepresentation and that they cannot do so. Dkt. 1 ¶¶ 10-11.

           1.      <u>Personal Liability of an Agent</u>

"Where an agent is duly constituted and names his principal and contracts in his name and does not exceed his authority, the principal is responsible and not the agent." *Lippert v. Bailey*, 50 Cal. Rptr. 478, 482 (Ct. App. 1966). "An agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency." *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1189 (N.D. Cal. 2000) (citing *Lippert*, 50 Cal. Rptr. at 481). In general, under California law a negligence claim cannot be stated by an insured against agents and employees of an insurer. *Sanchez v. Lindsey Morden Claims Servs., Inc.*, 72 Cal. App. 4th 249, 253, 84 Cal. Rptr. 2d 799, 802 (1999) ("An adjuster owes a duty to the insurer who engaged him. A new duty to the insured would conflict with that duty, and interfere with its faithful performance.").

Other district courts have considered this issue in the context of negligence claims brought against an insurance agent employed by an insurer where the insurer was also named as a defendant. They have concluded that the agents were fraudulently joined when their alleged misconduct concerned actions within the scope of their work for the insurer. *See, e.g.*, *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998) (the court could find no California case "holding that an insurance agent whose principal is disclosed can ever be held liable for acts committed within the scope of his or her agency"); *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 249 (E.D. Cal. 1992) ("In California it is settled law that an agent acting within the course and scope of his employment cannot be held liable for damages resulting from a negligent failure to insure."); *Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1142 (C.D. Cal. 1998).

It is undisputed that Stone was acting within the scope of his employment as an adjuster for Travelers. The SAC alleges that Stone was "Travelers's adjuster assigned to Plaintiffs' claims" and that his misconduct constituted actions that he took in that role. SAC ¶ 27 (Stone "made a false representation regarding Plaintiffs' policy and covered loss that harmed plaintiff"). Plaintiffs allege that Stone "misrepresented to Plaintiffs that his covered loss was not covered under his policy and that the subject loss was caused by a long-term leak, without hiring a plumber to investigate these facts before his initial denial letter." SAC ¶ 27. The SAC also alleges that Stone "took these actions individually on behalf of TRAVELERS." SAC ¶ 30. Plaintiffs adopt the same position in their opposition to the motion to dismiss, where they state that "Defendant Stone said what he said for a business purpose, as an employee of Defendant Travelers in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-02165 JAK (Ex) | Date | September 9, 2016 |
| Title | Farzin Michael Feizbakhsh, et al. v. Travelers Commercial Insurance Company, et al. | | |

the course of adjusting Plaintiffs' claim, who sought to reduce exposure to Travelers under the homeowners insurance policy." Plaintiffs' Opposition, Dkt. 26 at 7.

Plaintiffs contend that, notwithstanding the general rule precluding negligence claims against an employee of an insurer, a different outcome is warranted here, because there is a "special" relationship between the insurer, the insurer's employees and the insured. *Id.* at 5. Plaintiff cites several cases to support this proposition. None is persuasive.

*First,* Plaintiffs cite *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 33 P.3d 487 (2001). Although the opinion refers to a "special" relationship between an insurer and an insured, it makes no statements as to the potential, independent liability of the agents or employees of the insurer to the insured.

*Second,* Plaintiffs cite *Bock v. Hansen*, 225 Cal. App. 4th 215,170 Cal. Rptr. 3d 293 (2014), *review denied,* Supreme Court Minutes, S218270 at 1193 (July 16, 2014). *Bock* upheld a negligent misrepresentation claim brought by insureds against an adjuster who was employed by an insurer. 225 Cal. App. 4th at 229. The adjuster made a false statement to insureds, *i.e.,* that the cost of removing fallen tree limbs and cleaning up the resulting damage to their property was not covered by their homeowner's policy. *Id.* at 221. This statement resulted in physical injury to the plaintiff. Thus, the adjuster told one of the plaintiffs to "clean up the mess" caused when a tree limb fell through a window of the residence. *Id.* When one of the plaintiffs claimed that a check, which the adjuster gave to her on the spot as a complete payment of her claim, would not even cover cleanup costs, the adjuster "told her that cleanup was not covered under the policy and that she should contact 'friends and family members with chainsaws' to clean up the limbs and the mess in the house and backyard." *Id.* The plaintiffs relied on this statement and started the cleanup process themselves. This resulted in physical injury to one of them caused by broken glass on the site. *Id.* Two days later, the adjuster returned before other tree limbs resting on the chimney had been removed. *Id.* The adjuster again told the plaintiffs that the cost of cleanup was not covered by the policy and then told one of the plaintiffs "to get his chain saw and remove the limbs himself, and as he did so, [the adjuster] yelled, 'Atta boy! See you can do it! Now go get a few friends to finish it up.'" *Id.*

The appellate court held that, under these facts, the adjuster had an independent duty to the plaintiffs, one of whom suffered physical harm due to the misrepresentation about the scope of coverage. *Id.* at 230 ("[O]ne 'who negligently gives false information to another is subject to liability for physical harm caused by action taken by the other in reasonable reliance upon such information.'" (quoting Rest.2d Torts, § 311)). Although *Bock* stated that the duty was due to a misrepresentation that resulted in physical injury and was made for a business purpose, the analysis discussed only the former. *Id.* at 229-32.[3]

---

[3] The only discussion as to a business purpose exception was as follows:

> California courts have recognized a cause of action for negligent misrepresentation, i.e., a duty to communicate accurate information, in two circumstances. . . . The second situation arises where information is conveyed in a commercial setting for a business purpose. The setting here involves both: [one of the plaintiffs] was injured as a result of [the adjuster]'s misrepresentation. And [the adjuster] said what he said for a business purpose.

*Id.* at 303. (citation and internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV16-02165 JAK (Ex) | Date | September 9, 2016 |
|---|---|---|---|
| Title | Farzin Michael Feizbakhsh, et al. v. Travelers Commercial Insurance Company, et al. | | |

Through a hypothetical example, the court explained why the misrepresentation as to the scope of coverage could foreseeably result in physical injury. *Id.* ("It is not difficult to imagine Mr. Bock, being told that the cleanup of a 3.6 ton tree limb is dependent upon his own resourcefulness and hard work, standing on his roof with a chain saw in order to clean up the mess, and accidentally falling, sustaining serious injuries—injuries that might not be recoverable in an action on the policy or the bad faith claim."). The court determined the elements of negligent misrepresentation were met when the plaintiffs immediately relied on the adjuster's statement. *See id.* at 232 ("[T]he [plaintiffs] immediately relied upon [the adjuster]'s statement before an estimate was ever received, the allegation being that the [plaintiffs] began cleaning up the debris while [the adjuster] was still present.").

As this discussion shows, *Bock*, did not discuss or create a duty owed by an employee of an insurer for all conduct. Instead, it applied the well-settled rule that an agent can be held personally liable for negligent misrepresentation when physical injury results. There is no such allegation here.

*Third,* Plaintiffs cite *Wilson v. Blue Cross of So. California,* 222 Cal. App. 3d 660, 672, 271 Cal. Rptr. 876 (1990). *Wilson* held that an insurance company could be liable for misrepresentations by an outside entity that the company had hired as its claims review agent. The review agent allegedly stated that the insurance company would not pay for further in-patient hospital care for the plaintiff under his health insurance policy. *Id.* at 881. After the plaintiff was discharged from the hospital due to the denial of coverage, he committed suicide. *Id.* at 878. The court also held that the outside claims review entity could be liable for inducing breach of contract and wrongful death torts because there was "substantial controversy" as to whether, under plaintiff's policy, the entity was even authorized to engage in the claims review process that led to the misrepresentations at issue. *Id.* at 885. *Wilson* does not discuss potential personal liability of an employee of an insurer, acting within the scope of his employment, for alleged misrepresentations as to coverage. *Id.*

*Fourth,* Plaintiffs cite *Younan v. Equifax Inc.*, 111 Cal. App. 3d 498, 169 Cal. Rptr. 478 (1980). There, the Court of Appeal recognized that, when an insurer works with another entity to determine a claimant's eligibility for health care benefits, that entity has "a duty to abstain from injuring the plaintiff through express misrepresentation, independent of the insurer's implied covenant of good faith and fair dealing." *Id.* at 511. However, *Younan* does not hold that "employees of insurers, engaged in the process of [selling a policy or] administering a claim can be held independently liable to an insured under a tort or contract theory." *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1190 (N.D. Cal. 2000); *accord Medow v. Tower Ins. Co. of New York*, CV 11-4031 CAS PJWX, 2011 WL 2678875 (C.D. Cal. June 27, 2011) (the *Younan* exception applies when "two separate entities involved in the insurance business conspired together to defraud the plaintiff[s]."). Here, there is no allegation of a conspiracy between Stone and Travelers or one that Stone is analogous to a separate business entity.

*Finally,* Plaintiffs cite *Bayuk v. Edson*, 236 Cal. App. 2d 309, 46 Cal. Rptr. 49 (1965). In *Bayuk*, the plaintiff entered a written contract with an actual architect and a purported architect who agreed to design his home. *Id.* at 312. The contract did not include any language as to whether either "architect" had a duty to supervise construction of the home. *Id.* Plaintiff believed that the purported architect was employed as an architect at the other architect's firm based on certain representations made to him. The purported architect later promised to supervise the construction of the house. *Id.* Based on that agreement, *Bayuk*

Case 2:16-cv-02165-JAK-E   Document 30   Filed 09/09/16   Page 8 of 10   Page ID #:806

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV16-02165 JAK (Ex) | Date | September 9, 2016 |
|---|---|---|---|
| Title | Farzin Michael Feizbakhsh, et al. v. Travelers Commercial Insurance Company, et al. | | |

concluded that the purported architect who made this commitment had a duty to the plaintiff to oversee the construction in an appropriate manner. This was because his duty was one that he "had personally agreed with plaintiffs to perform." *Id.* at 320. The court found both defendants liable for negligent supervision, specifically finding the actual architect liable under an ostensible authority theory of principal-agent liability because the plaintiff reasonably believed that the purported architect was the agent of the actual architect. *Bayuk* then explained that it did not have to address "the worrisome problem of the liability of an agent to third persons for injury resulting from his *failure to perform* a duty which nominally he owes only to his principal." *Id.* Once again, the decision provides no support for Plaintiffs' position in this action, where there is no alleged agreement by Stone to provide any service to Plaintiffs.

      2.      <u>Elements of Misrepresentation</u>

"The elements of negligent misrepresentation are (1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Ragland v. U.S. Bank Nat. Assn.*, 147 Cal. Rptr. 3d 41, 54 (Ct. App. 2012); *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201, n.2 (9th Cir. 2001). Defendants argue that Plaintiffs' claim for negligent misrepresentation is meritless because they have not alleged, and cannot allege, facts sufficient to support a finding that there was a misrepresentation of a material fact or that Plaintiffs justifiably relied on any misrepresentation by Stone.

The heightened pleading standard of Fed. R. Civ. P. 9(b) applies to claims of negligent misrepresentation. *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093 (C.D. Cal. 1999) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)"); *see also U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1058 (N.D. Cal. 1991) (a claim for negligent misrepresentation fails for lack of specificity under rule 9(b)). Under this standard, "[t]he complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Plaintiffs do not allege any details about Stone's alleged misrepresentation. SAC ¶¶ 26-31. The only factual allegations on this issue are that Stone "misrepresented to Plaintiffs that his [sic] covered loss was not covered under his [sic] policy and that the subject loss was caused by a long-term leak, without hiring a plumber to investigate these facts before his initial denial letter" and that he "had a duty to disclose all information regarding the subject property to Plaintiffs." SAC ¶¶ 27, 30. These allegations do not satisfy at least two of the elements of a claim for negligent misrepresentation.

      a.      <u>Misrepresentation of a Material Fact</u>

Plaintiffs allege that Stone made a negligent misrepresentation that their "loss 'was not covered under [the] [P]olicy' when in fact, it was covered under the [P]olicy." Dkt. 26 at 8 (citing SAC ¶ 27). Defendants respond that these allegations are not sufficient because the alleged misstatements were opinions, not facts. Defendants argue that, in California, "[i]t is well settled that the interpretation of an insurance policy is a *legal* rather than a *factual* determination." *Chatton v. Nat'l Union Fire Ins. Co.*, 10 Cal. App. 4th 846, 865, 13 Cal. Rptr. 2d 318 (1992) (rejecting liability to insurer due to statements as to coverage made by

Case 2:16-cv-02165-JAK-E   Document 30   Filed 09/09/16   Page 9 of 10   Page ID #:807

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV16-02165 JAK (Ex) | Date | September 9, 2016 |
|---|---|---|---|
| Title | Farzin Michael Feizbakhsh, et al. v. Travelers Commercial Insurance Company, et al. | | |

certain agents). "The law is quite clear that expressions of opinion are not generally treated as representations of fact, and thus are not grounds for a misrepresentation cause of action." *Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*, 86 Cal. App. 4th 303, 308, 103 Cal. Rptr. 2d 159, 162 (2000). Thus, Defendants argue that Stone's alleged statements about the absence of coverage do not satisfy the misstatement of a material fact element of this cause of action.

Defendants have submitted a declaration by Stone, along with copies of certain documents that reflect his communications to Plaintiffs. Dkt. 16-6 ¶ 7; Ex. 9, Dkt. 16-11; Ex. 10, Dkt. 16-12; Ex. 11, Dkt. 16-13. Plaintiffs do not contest the authenticity of these documents. Nor do they contend that they do not reflect a complete record of the pertinent, written communications between the parties. Stone Decl., Dkt 16-6 ¶¶ 7, 9. Thus, there is no evidence that Stone told Plaintiffs that there was no coverage for the water damage claims. *Id.* ¶ 9 ("I did not make any statements to Plaintiffs or their counsel or public adjuster about whether or not I believed certain exclusions in the policy applied to the loss."). On the contrary, Stone arranged for the issuance of payments to Plaintiffs with respect to their Claim. Dkt. 16-13.

Stone sent two emails and one letter. All three were sent to Plaintiffs' counsel. The first email notified Plaintiffs that Stone had been assigned to manage their claims. Dkt. 16-11. The second email attached an estimate for the cost of repairs that had been prepared by one of the contractors engaged by Travelers. It also stated that Travelers was making a payment to Plaintiffs of $30,749.12, which had been sent to Plaintiffs' counsel. Dkt. 16-12. The letter provided a summary of the basis for the calculation of this amount, and then noted that "[w]e have approved this supplement for building damages, and have calculated the additional payment. A check in the amount of $30,749.12 has been sent under separate cover." Dkt. 16-3. None of these statements can be construed as a misrepresentation to Plaintiffs "that his covered loss was not covered under his policy and that the subject loss was caused by a long-term leak, without hiring a plumber to investigate these facts before his initial denial letter," as alleged in the SAC. SAC ¶ 27.

        b.   <u>Justifiable Reliance</u>

Defendants argue that Plaintiffs have not and cannot allege that they justifiably relied on Stone's alleged misrepresentations. They also argue that Plaintiffs have not alleged any injury from any such claimed misrepresentation. Defendants note that Plaintiffs always disputed the amount that Stone presented with respect to the Claim. From this they argue that Plaintiffs cannot show that they relied on any such representation. Under California law, "recovery is not permitted when the representee makes his own investigation, discovers the true facts, and acts without reliance upon the representations." *Smith v. Brown*, 59 Cal. App. 2d 836, 838,140 P.2d 86, 86-87 (1943). *McLaughlin v. Nat'l Union Fire Ins. Co.*, 23 Cal. App. 4th 1132, 1148, 29 Cal. Rptr. 2d 559, 567-68 (1994) (describing plaintiffs' actions in filing claims and demanding payments under an insurance policy and concluding that "[a]s a matter of law these actions defeat a finding of reliance").

The SAC alleges that "Plaintiffs retained the services of an attorney and an experienced estimator to inspect the subject property, evaluate the loss and prepare and [sic] estimate of repairs in order to return the subject property to its pre-loss condition." SAC ¶ 10. Plaintiffs presented this estimate to Stone in connection with their dispute over the payments made by Travelers. Plaintiffs have continued to dispute that amount; indeed, this disagreement led to the filing of this action. Under these circumstances,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV16-02165 JAK (Ex) | Date | September 9, 2016 |
|---|---|---|---|
| Title | Farzin Michael Feizbakhsh, et al. v. Travelers Commercial Insurance Company, et al. | | |

Plaintiffs simply cannot claim that they reasonably relied on Stone's alleged statements that the Claim was not covered by the Policy.

Moreover, Plaintiffs have alleged that they retained counsel and an experienced construction estimator to advise them during the Claim process. This precludes their theory of reasonable reliance. Thus, the present record shows that Plaintiffs relied on the professionals whom they engaged in assessing the statements made by Stone, and that, based on that advice, rejected Stone's positions. *Accord Smith*, 59 Cal. App. 2d at 838,140 P.2d at 86-87. This bars any claim of reasonable reliance. Nor can Plaintiffs claim that the expenses they incurred in hiring counsel were due to Stone's statements. Counsel first communicated with Travelers on January 29, 2015, but Stone was not assigned as an adjuster until July 10, 2015. Chandler Decl., Dkt. 16-1 ¶ 6; Stone Decl., Dkt. 16-6 ¶ 6. Moreover, even if Plaintiffs could allege that Stone's statements caused them to engage counsel, this would again confirm that they did not rely on such statements, but disputed them.

This result is confirmed by a review of the conclusory allegations in the SAC. They include that Plaintiffs "justifiably relied on AARON STONE'S misrepresentation and as a proximate result Plaintiffs were damaged in amount to be proven at the time of trial." SAC ¶ 31. This not only fails to meet the requirements of Fed. R. Civ. P. 9(b), but presents no explanation as to reasonable reliance under the circumstances presented in this action.

\*       \*       \*

For the foregoing reasons, Defendants have shown that Stone was fraudulently joined as a party in this action. Consequently, the motion to remand is **DENIED**. In light of the determination of fraudulent joinder, Stone is dismissed as a party.[4]

### IV.    Conclusion

For the reasons stated in this Order, the motion to remand is **DENIED** and Stone is dismissed as a party in this action.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
|  | Initials of Preparer | CL |

---

[4] As noted, Stone moved to dismiss the SAC based on the same arguments presented in opposition to the motion to remand. Because the motion to remand has been denied based on fraudulent joinder, it is not necessary to address the same issues raised in the motion to dismiss.